STATE OF MAINE                                    SUPERIOR COURT
ANDROSCOGGIN, ss.                                 CIVIL ACTION
                                                  DOCKET NO. CV-21-12


JAMIE PACHECO,                                    NOV 21 '22 PM12:22
                                                  ANDRO SUPERIOR COURT

        Plaintiff

    v.                                            ORDER ON MOTION TO ALTER OR
                                                  AMEND JUDGMENT
ISAACSON & RAYMOND, P.A., et. al.

        Defendants

        Defendants Isaacson & Raymond, P.A., Ronald Bissonnette, Esq. and Jason Dionne, Esq.

have filed what they call a "Motion to Alter or Amend" pursuant to M.R. Civ. P. 7 and 59.

Defendants seek reconsideration of the court's discovery order dated September 13, 2022.

Defendants argue that the court erred by not denying plaintiff Jamie Pacheco's Motion to

Compel in its entirety. Defendants argue that Kevin Pacheco, as the holder of an attorney-client

privilege, should be heard on the issue of the "waiver" of his privilege, as defendants put it,

before the court rules. Second, defendants argue that the court should have ruled on Mr.

Pacheco's motion to quash a subpoena seeking the same category of communications before

ordering production of any communications.

        M.R. Civ. P. 59 applies only to final judgments and is not applicable here. The court will

interpret defendants' motion as a motion to reconsider pursuant to M.R. Civ. P. 7(b)(5). M.R.

Civ. P. 7(b)(5) provides that "[m]otions for reconsideration of an order shall not be filed unless

required to bring to the court's attention an error, omission or new material that could not

previously have been presented." "Rule 7(b)(5) is intended to deter disappointed litigants from

seeking to reargue points that were or could have been presented to the court on the underlying

motion." *Shaw v. Shaw*, 2003 ME 153, ¶ 8, 839 A.2d 714 (citation and quotation omitted).


                                        1

As the court made clear, the Order was intended to resolve all outstanding discovery disputes. (*See* Order on Motion to Compel at 2.) The parties agreed to this at the June 15 discovery conference. To the extent that defendants wished to ensure that Mr. Pacheco would have an opportunity to independently argue his privilege on the motion to compel in addition to his motion to quash this could have been raised at any time during the discovery conference or included in the opposition to the motion to compel. The court will not allow defendants to reargue a point which could have been made at the time, especially when the court has already addressed the arguments in Mr. Pacheco's motion to quash in its Order on the Motion to Compel.

As for defendants' arguments that the court must hear from Mr. Pacheco before ruling on the crime-fraud exception to the attorney-client privilege, it has already done so. The court did not rule that Mr. Pacheco had waived his attorney-client privilege. The ruling was that the crime-fraud exception applies to a limited portion of the requested discovery due to the findings in the referee report. Mr. Pacheco has already been heard on this issue in his motion to quash, in which he advances nearly identical arguments to those raised by defendants here.

The court sees no reason to reconsider the order. This Motion is hereby DENIED.

Date: November 21, 2022

Harold Stewart, II
Justice, Superior Court

2